# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY ROWBOTTOM, et al., | |
| Plaintiffs, | |
| | CIVIL ACTION NO. 19-cv-00657 |
| v. | |
| | (SAPORITO, M.J.) |
| CITY OF HARRISBURG, et al., | |
| Defendants. | |

FILED
WILKES BARRE
APR 24 2019
PER ___MS___
DEPUTY CLERK

## MEMORANDUM

This is a *pro se* civil action for damages and declaratory judgment against various municipal defendants, as well as private individuals and business entities that are alleged to have acted in concert with the municipal defendants. It was provisionally initiated by the lodging of a *pro se* complaint on April 17, 2019. (Doc. 1.) The three named plaintiffs are: (a) Timothy Rowbottom ("Timothy"), a natural person and resident of Pennsylvania; (b) James Lee Rowbottom ("James"), a natural person and resident of Pennsylvania; and (c) TNT International, Inc. ("TNT"), a Pennsylvania corporation of which Timothy is the sole shareholder and president.

Generally, to initiate a civil action such as this, a plaintiff is required to pay a $350 filing fee and a $50 administrative fee, due upon

opening of the case. *See* 28 U.S.C.A. § 1914(a) (imposing a filing fee of $350); *id.* § 1914(b) & note (District Court Miscellaneous Court Fee Schedule ¶ 14) (imposing an additional administrative fee of $50). Indigent plaintiffs are permitted to move for leave to proceed without prepayment of fees—or *in forma pauperis* ("IFP")—under 28 U.S.C. § 1915.

Here, the plaintiffs have failed to remit the requisite $400 filing and administrative fees. Along with the complaint, they have submitted a motion for leave to proceed *in forma pauperis* with respect to Timothy only. (Doc. 2.) "[A]lthough only one filing fee needs to be paid, if multiple plaintiffs seek to proceed *in forma pauperis*, each such plaintiff must qualify for *in forma pauperis* status and the plaintiffs must establish that they cannot, singly or together, pay the filing fee." *Roberts v. Aviles*, Civil Action No. 10-5916 (FSH), 2010 WL 4939927, at *1 (D.N.J. Nov. 30, 2010); *accord Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010); *Darden v. Indymac Bancorp, Inc.*, No. CIV S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009). No such application has been submitted with respect to co-plaintiff James. Moreover, as a corporation, TNT is simply not eligible

for *in forma pauperis* status under § 1915. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–08 (1993) (holding that organizations are ineligible for § 1915 *in forma pauperis* status, which is strictly limited to natural persons); *FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F.2d 213, 213–15 (5th Cir. 1988) ("[C]orporations are not entitled to IFP treatment under 28 U.S.C. § 1915(a).").

The inclusion of TNT, a corporation, among the named plaintiffs raises an additional issue. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party *personally* if the party is unrepresented [by counsel]." Fed. R. Civ. P. 11(a) (emphasis added). The original complaint was personally signed by plaintiffs Timothy and James, representing themselves without counsel, as is their right under 28 U.S.C. § 1654. However, the complaint does not include any signature by counsel for the corporate plaintiff, TNT.

It is well established that a corporation may not appear in federal court as a *pro se* litigant, but rather it must be represented by a licensed attorney. *See Rowland*, 506 U.S. at 202–03 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the

federal courts only through licensed counsel."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) ("[A] corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicated[.]"); *see also Lawson v. Nat'l Continental-Progressive Ins. Co.*, 347 Fed. App'x 741, 742 n.1 (3d Cir. 2009) (per curiam); *Curbison v. U.S. Gov't of N.J.*, 242 Fed. App'x 806, 808–09 (3d Cir. 2007) (per curiam); *Kilinc v. Tracfone Wireless Inc.*, 757 F. Supp. 2d 535, 537 (W.D. Pa. 2010); *Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007). Thus, the original complaint lodged with the Court for filing on April 17, 2019, has satisfied Rule 11 only with respect to Timothy Rowbottom and James Lee Rowbottom, the only plaintiffs to have affixed valid signatures to that pleading. It is unsigned with respect to TNT International, Inc.

Rule 11 further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a); *see also People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917–18 (E.D. Pa. 1978) (striking *pro se* complaint with respect to two plaintiffs who did not sign it).

Accordingly, the plaintiffs, having now been notified of the defect in their complaint, will be directed to correct the defect by submitting a copy of the complaint with the signature of a licensed attorney, admitted to the bar of this Court, who will thereafter appear in this matter as counsel of record for TNT. Together with this properly signed copy of the complaint, the plaintiffs will be further directed to remit payment of the requisite $400 filing and administrative fees. If a copy of the complaint fully compliant with Rule 11 is not filed within the specified time period, the complaint will be struck with respect to plaintiff TNT, and the action will proceed on the complaint with Timothy and James as the only remaining plaintiffs. *See* Fed. R. Civ. P. 11(a); *Snead*, 462 F. Supp. at 917–18.

An appropriate Order follows.

Dated: April 24, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge