IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY ROWBOTTOM** and **JAMES ROWBOTTOM,** | : : : | CIVIL ACTION NO. 1:19-CV-657 |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : : | |
| v. | : : | |
| **CITY OF HARRISBURG**, *et al.*, | : : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 13th day of August, 2020, upon consideration of the report (Doc. 64) issued by Magistrate Judge Joseph F. Saporito, Jr., wherein Judge Saporito recommends that we grant in part and deny in part the motions (Docs. 34, 37) to dismiss by defendants Bryan Davis and Harrisburg Redevelopment Authority ("the HRA defendants") and by defendants Dauphin County and George Hartwick, III ("the Dauphin County defendants"), and that we grant in its entirety the motion (Doc. 36) to dismiss filed by defendants City of Harrisburg, Eric Papenfuse, Jackie Parker, and David Patton ("the City defendants"), and wherein Judge Saporito specifically opines that the *pro se* plaintiffs' amended complaint (Doc. 8) can be reasonably construed as attempting to plead due-process and equal-protection claims, thus invoking the court's federal-question jurisdiction and defeating the HRA defendants' and Dauphin County defendants' Rule 12(b)(1) arguments, (see Doc. 64 at 9-14), but that plaintiffs' complaint, even liberally construed, fails to state a due-process or equal-protection claim for which relief may be granted, (see id. at 16-21), and that the court should decline to exercise supplemental jurisdiction over

plaintiffs' remaining state-law claims, (see id. at 21-22), and the court noting that plaintiffs filed an 86-page objection (Doc. 73) to Judge Saporito's 24-page report, see FED. R. CIV. P. 72(b)(2), in addition to dozens of exhibits and new evidence, (see Docs. 73-1 to 73-71), a motion to appoint counsel, (Doc. 74), two documents purporting to be supplemental pleadings under Rule 15(d), (see Docs. 80, 86), and a motion for "default summary judgment," (Doc. 87), and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), and after having carefully considered plaintiffs' pleading, objections, and various supplemental filings, the court finding Judge Saporito's analysis to be well-reasoned and fully supported by the record and the applicable law; finding plaintiffs' objection (Doc. 73) and attendant briefing to be largely unintelligible and nonresponsive to the legal conclusions reached by the report and to otherwise be squarely and correctly addressed by the report; and agreeing with Judge Saporito that plaintiffs should be given a final opportunity

to amend their pleading to cure the factual deficiencies identified in the report, (see Doc. 64 at 22-23),[1] it is hereby ORDERED that:

1. The report (Doc. 64) of Magistrate Judge Saporito is ADOPTED.

2. The motions (Docs. 34, 37) to dismiss filed by the HRA defendants and Dauphin County defendants are DENIED to the extent they seek dismissal of plaintiffs' amended complaint (Doc. 8) for lack of subject matter jurisdiction.

3. The motions (Docs. 34, 36, 37) to dismiss filed by the HRA defendants, City defendants, and Dauphin County defendants are GRANTED to the extent they seek dismissal of plaintiffs' amended complaint (Doc. 8) for failure to state a claim for which relief may be granted.

4. Plaintiffs' amended complaint (Doc. 8) is DISMISSED.

5. Plaintiffs' "supplemental pleadings" (Docs. 80, 86) are STRICKEN for having been filed without leave of court. See FED. R. CIV. P. 15(d). The Dauphin County defendants' motion (Doc. 90) to strike one of these two supplemental pleadings (Doc. 80) is DENIED as moot.

6. Plaintiffs' motion (Doc. 74) to appoint counsel and motion (Doc. 87) "for default summary judgment" are DENIED as moot.

7. Plaintiffs are GRANTED leave to amend their complaint in accordance with Judge Saporito's report within 30 days of the date of this order. Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "Second Amended Complaint," and shall be complete in all respects. It shall be a new pleading that stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the amended complaint (Doc. 8) hereinabove dismissed.

---

[1] In responding to plaintiffs' objections, the City defendants suggest that the court should not grant leave to amend. (See Doc. 79 at 5-6). The City defendants did not object to this aspect of the report, see FED. R. CIV. P. 72(b)(2), and we find no clear error in this recommendation, which is consistent with the Third Circuit's preference that courts grant leave to amend before dismissing a civil rights action for failure to state a claim, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

8. Plaintiffs are cautioned that, given the number of extensions of time already granted to them in this litigation, <u>no extensions of the 30-day deadline set forth in paragraph 7 will be granted</u>.

9. In the absence of a timely filed second amended complaint, the Clerk of Court shall close this case. If a timely second amended complaint is filed, this matter shall be remanded to Judge Saporito for further proceedings.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania